UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MOHAMMAD H. NADERI, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Cause No. 1:21-CV-24-HAB |
| CORY W. WORTHINGTON, et al., | ) ) ) |
|     Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Civil Complaint (ECF No. 1) and Motion to Proceed *in Forma Pauperis* (ECF No. 2). Because the complaint does not state a cause of action over which this Court has jurisdiction, this matter will be dismissed.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has

happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The complaint alleges a straight-forward, state-law negligence claim. Plaintiff alleges that, in January 2016, Defendants backed into his vehicle in a Fort Wayne parking lot. Defendants lied about having insurance and have failed to pay Plaintiff for any damages resulting from the accident. All parties are alleged to be citizens of Indiana. Plaintiff claims many and varied damages resulting from the accident, including damages to his vehicle, medical bills relating to foot injuries caused by years of walking, and asks the Court to permanently suspend the Defendants' drivers' licenses.

It does not appear that this Court has jurisdiction to adjudicate the grievances that Plaintiff has presented. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, quoted in *Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

District court jurisdiction generally flows from one of two federal statutes: 28 U.S.C. § 1332, providing for jurisdiction over disputes between "citizens of different States;" or 28 U.S.C. § 1331, providing for jurisdiction over disputes "arising under the Constitution, laws, or treaties

2

of the United States." Neither applies here. As noted above, all parties to this dispute are residents of Indiana. Even if diversity of citizenship existed, Plaintiff has failed to allege an amount in controversy that satisfies the jurisdictional requirement. (*See* ECF No. 1 at 3) (requesting judgment in the amount of $35,000.00).

Plaintiff attempts to satisfy federal question jurisdiction by alleging that the case is brought under "28 U.S.C. 1983," presumably referencing 42 U.S.C. § 1983. However, such a claim can only be brought against defendants "acting under color of state law." *Wilson v. Warren Cty., Ill.*, 830 F.3d 464, 468 (7th Cir. 2016). Plaintiff does not allege that Defendants were acting under color of state law, nor is there any reason to believe that they were.

The Court will grant Plaintiff one opportunity to correct the defects in his complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [in forma pauperis] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If Plaintiff elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Plaintiff claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Opinion and

3

Order. The amended complaint must also be accompanied by another motion to proceed *in forma pauperis* or the required filing fee.

 For the foregoing reasons, Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED. Having screened Plaintiff's complaint, the Court finds that it is subject to dismissal for lack of subject matter jurisdiction. Plaintiff is granted leave to file an amended complaint on or before March 2, 2021. If no amended complaint is filed by that date, this action will be dismissed with prejudice for the reasons set forth above.

 SO ORDERED on February 16, 2021.

             s/ Holly A. Brady
             JUDGE HOLLY A. BRADY
             UNITED STATES DISTRICT COURT