# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| MOHAMMAD H. NADERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CV-24-HAB |
| | ) | |
| CORY W. WORTHINGTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's First Amended Complaint (ECF No. 4) and his Motion to Proceed *in Forma Pauperis* (ECF No. 5). These filings were made pursuant to this Court's Opinion and Order dated February 16, 2021, which dismissed Plaintiff's initial complaint pursuant to its screening duties under 28 U.S.C. § 1915(e)(2)(B). Because the Amended Complaint is barred by the applicable statute of limitations, this matter will again be dismissed.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The Court based its initial dismissal of Plaintiff's case on the lack of subject matter jurisdiction. The Court concluded that it had neither diversity jurisdiction under 28 U.S.C. § 1332 nor federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 3 at 2–3). Plaintiff has addressed the identified defect by alleging that Defendant's failure to compensate him for a vehicle accident amounts to violation of his civil rights under "42 U.S.C.A. § 1981–1988." While such a claim might resolve the jurisdictional issue, it does nothing to state a viable claim.

Assuming, without deciding, that Plaintiff could bring an action under 42 U.S.C. § 1981, that claim would be subject to a four-year statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004); 28 U.S.C. § 1658. According to the amended complaint, the accident occurred on January 29, 2016. (ECF No. 4 at 1). Plaintiff's complaint, then, needed to be filed on or before January 29, 2020, to be timely. Plaintiff's initial complaint was not filed until January 19, 2021. (ECF No. 1). Plaintiff's claim is time-barred.

The Court has given Plaintiff a second opportunity to state a valid cause of action and Plaintiff has failed. The Court finds no basis to believe that Plaintiff will have any more success if given a third chance. Accordingly, Plaintiff's First Amended Complaint (ECF No. 4) is DISMISSED. Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 5), his Motion for Court Appointed, Pro Bono Counsel (ECF No. 6), and his motion seeking leave to issue discovery (ECF No. 7) are DENIED as moot.

SO ORDERED on March 2, 2021.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT